

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 27, 2016

Via ECF
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
New York, New York 10007

    Re:    **United States** v. **Ludwig Criss Zelaya Romero,** *et al.***,**
           **S1 15 Cr. 174 (LGS)**

Dear Judge Schofield:

        The Government respectfully requests, pursuant to Rule 16(d)(1) of the Federal
Rules of Criminal Procedure and on the basis of the enclosed *Ex Parte* Affirmation,[1] that the
Court:  (i) enter the enclosed Protective Order (the "Protective Order") relating to discovery that
the Government intends to provide to the six defendants charged in Superseding Indictment S1
15 Cr. 174 (LGS); and (ii) stay the July 29, 2016 discovery deadline, if necessary, pending
resolution of this application.

        On or about July 11, 2016, five of the defendants—Mario Guillermo Mejia
Vargas, Juan Manuel Avila Meza, Carlos Jose Zavala Velasquez, Victor Oswaldo Lopez Flores,
and Jorge Alfredo Cruz Chavez—surrendered voluntarily and were transported from Honduras
to this District.  These defendants were presented and arraigned before the Honorable Frank
Maas, Chief Magistrate Judge, on July 12, 2016.  On or about July 13, 2016, the sixth
defendant—Ludwig Criss Zelaya Romero—was taken into custody in Honduras, by Honduran
authorities, pending the resolution of an extradition request by the United States.

        On July 15, 2016, the Government proposed the Protective Order to counsel for
the five defendants who are currently in custody in the United States.  The Protective Order is
substantively identical to the June 22, 2015 Protective Order entered by the Court in this case, on
consent, with respect to defendant Fabio Porfirio Lobo.  (Dkt. No. 13).  The Protective Order
would prohibit the dissemination of all discovery materials outside of each defendant's defense
team, and prohibit dissemination of all discovery materials outside of the United States or to
foreign nationals.  (*See* Protective Order ¶¶ 4-5).  However, the Protective Order would permit
defense counsel to make applications to the Court, upon notice to the Government, for
permission to show copies of certain discovery materials to persons whose access to the
materials is otherwise prohibited by the Protective Order "if it is determined by the Court that
such access is necessary for the purpose of preparing the defense of the case."  (*Id.* ¶ 7).

---

[1] *See* Fed. R. Crim. P. 16(d)(1) ("The court may permit a party to show good cause by a written
statement that the court will inspect ex parte.").

Hon. Lorna G. Schofield                                                                        Page 2
July 27, 2016

        Counsel for defendants Lopez Flores and Cruz Chavez have consented to the entry of the Protective Order.  Counsel for defendant Avila Meza objected to the Protective Order on the basis that he wishes to share discovery materials with Avila Meza's wife in Honduras because "she is an attorney and would like to review the evidence."

        The Government respectfully submits that, for the reasons detailed in the *Ex Parte* Affirmation, entry of the Protective Order is appropriate in order to protect the safety of witnesses and other individuals who have acted at the direction of law enforcement in connection with this and related investigations (as well as the relatives and associates of those individuals), and to maintain the integrity of ongoing investigations.  *See United States* v. *Smith*, 985 F. Supp. 2d 506, 545 (S.D.N.Y. 2013) ("[T]he Government has demonstrated that there is good cause for a protective order because of its compelling interest in ongoing investigations into potentially serious criminal conduct that could be jeopardized by dissemination of the discovery.  This interest . . . . is in several investigations that cover different targets, different crimes, and different time periods."); *see also United States* v. *Urena*, 959 F. Supp. 2d 253, 262 (S.D.N.Y. 2013) ("Among the considerations to be taken into account by the court [under Rule 16(d)(1)] will be the safety of witnesses and others, a particular danger . . . or witness intimidation . . . . (internal quotation marks and citations omitted)).  Moreover, in light of the nature and extent of these concerns, the Government disagrees that dissemination of discovery materials to Avila Meza's wife in Honduras, who has not entered a notice of appearance before Your Honor, is "necessary for the purpose of preparing the defense of the case."  (Protective Order ¶ 7).  If the discovery materials leave the United States under the circumstances proposed by counsel, it will be difficult, if not impossible, to control further dissemination to third parties who are in a position to compromise the valid security and law enforcement considerations that the Government has identified.  Accordingly, the Government respectfully requests that the Court enter the Protective Order.

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney

        By:                                  _____

                                          Emil J. Bove III
                                        Matthew J. Laroche
                                        Michael D. Lockard
                                        Assistant United States Attorneys
                                        (212) 637-2444

Enclosures

Cc:    Defense Counsel, without *Ex Parte* Affirmation
       (Via Email)