**HOWARD LEADER**
ATTORNEY AT LAW
11 PARK PLACE
SUITE 1715
NEW YORK, NEW YORK 10007
TELEPHONE (646) 533-7696
FACSIMILE  (212) 545-7514
E-MAIL HOWARD.LEADER@GMAIL.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/13/2016

**VIA ECF**

Hon. Lorna G. Schofield
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

October 11, 2016

<u>United States v. Carlos ZAVALA VELASQUEZ, *et al.*</u>
15 Cr. 174 (LGS)

Dear Judge Schofield:

    I am now the attorney of record representing Mr. Zavala Velasquez in this matter. This letter is respectfully submitted for the purpose of joining in the motion of codefendant Juan Manuel Avila Meza for an extension of time in which to file defense motions and to reschedule the next conference date, currently calendared for December 15, 2016. (Docket entry #69).

    Defense motions are currently due on October 14, 2016. I wrote to the government this afternoon and am awaiting their response. However, because of the proximity of this date, I thought it best to write to the Court now, even though I have yet to hear from the government on this issue.

    In her request for the same relief to the Court, Mr. Avila's attorney, Linda George, Esq., set out a proposed, revised schedule in which defendants' motions are to be filed by December 12, 2016, the government can respond by January 13, 2017 and defendants can reply by January 27, 2017. The next status conference would be set by the Court on a date that is convenient, according to the Court's schedule.

    Regarding my request on behalf of Mr. Zavala, the Court should be aware that I have also had to address numerous logistical issues in reviewing the discovery with my client. Mr. Zavala was first brought into this District on July 12, 2016, when he was assigned counsel, Jill R. Shellow, Esq. I received the discovery provided to date from her on September 12, 2016. Accordingly, at best

and, unlike some of the other attorneys in the case, I have only had approximately thirty (30) days in which to review the materials with my client.

I say "at best" because prior to September 18, 2016, the date Ms. Shellow also withdrew as counsel to my client, Mr. Zavala was being housed in the SHU, first at the MDC, Brooklyn and then at the MCC, New York. While he was at the MDC, reviewing any discovery with him would have been impossible. By the time he was finally released into general population at the MCC, New York, Mr. Zavala, who also had been deprived of any direct contact with his family in Honduras for the duration, was in no shape to sit with me for hours at a time to review discovery and discuss the specifics of defense strategy.

Accordingly, realistically, it would be no exaggeration to state I have had less than a month to review the materials.

The Court should be aware that it appears from the discovery that the government's case against my client relies, primarily, on a single meeting involving Mr. Zavala. However, obviously all the discovery must be reviewed because the government has charged him with conspiracy. Accordingly, co-conspirator statements and the like from, for example, other meetings and recorded conversations not attended by, or otherwise involving my client, must all be thoroughly reviewed and analyzed.

No doubt the Court will also be aware that there is far more to deciding what motions to file on behalf of a criminal defendant, and then writing them, than merely reviewing the government's discovery. In this case, I am still in the process of investigating various facts that may serve as the basis of motions but which may only be tangentially related to the discovery provided so far. Indeed, some motions may turn out to be entirely unrelated to the discovery.

I too have experienced many of the same problems recounted by Ms. George in her letter to the Court. For example, another logistical issue with reviewing the discovery with my client has stemmed from the MCC's refusal to permit counsel to bring in hard-drives or USB-drives to review material with Mr. Zavala. Thus far, I have only been able to bring in material piecemeal on DVD's I myself have made, which has been far from satisfactory. To address this issue, I am sending the discovery out for copying, but this will take perhaps a week or two to complete.

This application represents the first request for an extension of time, and the request is for an adjustment of the schedule of only two months.

While I certainly appreciate the inconvenience to the Court, and for this I most certainly apologize, it is hard to conceive how the government might be prejudiced by the Court granting the request.

I hope the Court can understand the issues and the difficulties I have set out here with respect to the discovery and related motions, and thank the Court for its kind consideration of these matters.

I am sure the Court will also be sensitive to the fact that Mr. Zavala is entitled to the protections afforded him by the due process and equal protection clauses, as well as his right to the effective representation of counsel.

Under the circumstances, we would certainly consent to an exclusion of the time from the speedy trial clock and ask the Court to find that the adjournment would conserve judicial resources, that the ends of justice served by granting the adjournment here outweigh the interests of both the public and the defendant in a speedy trial, pursuant to 18 U.S.C. 3161(h)(7)(A), and to "So Order" by endorsing a copy of this letter.

Respectfully submitted,

HOWARD LEADER

cc: Emil Bove, Esq.
    Assistant United States Attorney    (VIA EMAIL AND ECF)

All counsel of record    (VIA ECF)

Application Granted in part. The deadline for all Defendants to file motion(s), if any, is extended to December 12, 2016. The Government's response, if any, shall be filed by January 13, 2017. Defendants' reply, if any, shall be filed by January 27, 2017. The status conference currently scheduled for December 15, 2016 shall proceed as scheduled. In the event no motions have been filed, the Court will set a firm trial date at this conference. The Clerk of the Court is directed to terminate the letter motions at docket numbers 69, 70, and 72.

Dated: October 13, 2016
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE