

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 1, 2017

<u>Via ECF</u>
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
New York, New York 10007

      Re:    <u>United States</u> v. <u>Ludwig Criss Zelaya Romero</u>,
            S1 15 Cr. 174 (LGS)

Dear Judge Schofield:

      The Government respectfully submits this letter—on behalf of the Government and the defendants named in Superseding Indictment S1 15 Cr. 174 (LGS) (the "defendants")—in response to the Court's February 27, 2017 Order. (Dkt. No. 110).

      The Government has produced the materials in its possession that are subject to Rule 16 pursuant to the deadlines previously set by the Court. The discovery produced by the Government is described in its January 13, 2017 opposition to the defendants' discovery motions (Dkt. No. 98 at 11-12), and the productions included consensual recordings, data from email and social media accounts, and reports relating to statements of the defendants. Honduras has not yet responded to the request for legal assistance relating to this case that was submitted by the United States on August 8, 2016 (the "MLAT Request" (*see* Dkt. No. 95-2)), and there are therefore no materials responsive to the MLAT Request to be produced at this time. On February 17, 2017, at the request of the defendants, the Government produced to each defendant reports relating to statements by co-defendants, in order to facilitate consideration of severance motions and notwithstanding the fact that Rule 16 does not require such disclosures at this time.

      To date, the defendants have not produced discovery to the Government. Counsel for Carlos Jose Zavala Velasquez has informed the Government that he does not possess materials subject to Rule 16(b). As the Court is aware, counsel for Juan Manuel Avila Meza has taken the position in opposition to the Government's pending motion to compel reciprocal discovery that Avila Meza has no discovery obligations because "[t]he government is not in compliance and thus defendant is not yet required to produce[] Rule 16." (Dkt. No. 100 at 14). Therefore, the Government's January 13, 2017 motion to compel discovery remains ripe for resolution.

Finally, the parties did not submit status letters on January 18, 2017 and February 15, 2017 because: (i) other than issues raised in the pending motions and with the still-awaited response to the MLAT Request, the meet-and-confers between the parties discussed at the December 15, 2016 conference were productive in resolving issues with discovery and access to discovery by the defendants; and (ii) the parties mistakenly interpreted the Court's December 19, 2016 Order not to require status letters if, as is the case, there were no issues for which the parties sought judicial intervention that had not already been presented to the Court in the pending discovery motions. The parties apologize for the error.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Emil J. Bove III
Matthew J. Laroche
Assistant United States Attorneys
(212) 637-2444

Cc: Defense Counsel
(Via ECF)