H6F8VELP

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                         15 Cr. 174 (LGS)

CARLOS JOSE ZAVALA VELASQUEZ,

              Defendant.

------------------------------x
                                       June 15, 2017
                                       11:50 a.m.

Before:

               HON. JAMES C. FRANCIS IV

                                       District Judge

                       APPEARANCES

JOON H. KIM
     Acting United States Attorney for the
     Southern District of New York
EMIL J. BOVE
     Assistant United States Attorney

HOWARD R. LEADER
     Attorney for Defendant


Also present:  HUMBERTO GARCIA, Spanish Language Interpreter
```

1           (Case called)
2           THE DEPUTY CLERK:  Counsel, please state your name for
3   the record.
4           MR. BOVE:  Good morning, your Honor.  Emil Bove for
5   the government.
6           THE COURT:  Good morning.
7           MR. LEADER:  For Mr. Zavala Velasquez, Howard Leader.
8   Good morning, your Honor.
9           THE COURT:  Good morning.
10          I believe that the first order of business is waiver
11  of the indictment?
12          THE DEPUTY CLERK:  Yes.
13          Please stand.
14          You are Carlos Zavala Velasquez?
15          THE DEFENDANT:  Yes, that's correct, your Honor.
16          THE DEPUTY CLERK:  Have you signed this waiver of
17  indictment?
18          THE DEFENDANT:  Yes.
19          THE DEPUTY CLERK:  Before you signed it, did you
20  discuss it with your attorney?
21          THE DEFENDANT:  Yes.
22          THE DEPUTY CLERK:  Did your attorney explain it to
23  you?
24          THE DEFENDANT:  That's correct.
25          THE DEPUTY CLERK:  Do you understand what you were

H6F8VELP

1    doing?
2             THE DEFENDANT:  That's correct.
3             THE DEPUTY CLERK:  Do you understand that you are
4    under no obligation to waive indictment?
5             THE DEFENDANT:  That's correct.
6             THE DEPUTY CLERK:  Do you understand that if you do
7    not waive indictment, if the government wants to prosecute you,
8    they will have to present this case to a grand jury which may
9    or may not indict you?
10            THE DEFENDANT:  That's correct, sir.
11            THE DEPUTY CLERK:  Do you understand that by signing
12   this waiver of indictment, you have given up your right to have
13   this case presented to a grand jury?
14            THE DEFENDANT:  That's correct, sir.
15            THE DEPUTY CLERK:  Do you understand what a grand jury
16   is?
17            THE DEFENDANT:  That's correct.
18            THE DEPUTY CLERK:  Have you seen a copy of the
19   information?
20            THE DEFENDANT:  Yes.
21            THE DEPUTY CLERK:  Do you waive its public reading?
22            THE DEFENDANT:  That's correct.
23            THE COURT:  Thank you.
24            Mr. Zavala, I am Judge Francis.  You are charged in
25   Count One of the information with violation of Title 21 of the

1   United States Code, Sections 963, 952(a), 959(a), 959(c),
2   960(a)(1), (a)(3) and (b)(3), which make it an offense to
3   conspire to import and to manufacture and distribute cocaine
4   knowing it would be imported into the United States.
5           You have the right to enter your plea before a United
6   States district judge.  However, a United States magistrate
7   judge may also take your plea, provided that you consent to
8   that procedure.
9           I have before me a consent form.  Have you had that
10  translated for you, do you understand it, and did you sign it?
11          THE DEFENDANT:  That's correct, your Honor.
12          THE COURT:  I am going to ask you some questions in
13  connection with your plea.
14          Please raise your right hand.
15          (Defendant sworn)
16          THE COURT:  Please state your full name.
17          THE DEFENDANT:  Carlos Jose Zavala Velasquez.
18          THE COURT:  What is your education?  How far did you
19  go in school?
20          THE DEFENDANT:  College.
21          THE COURT:  Are you now or have you recently been
22  under the care of a doctor or a psychiatrist for any reason?
23          THE DEFENDANT:  No.
24          THE COURT:  Are you currently taking any medication?
25          THE DEFENDANT:  No.

1            THE COURT:  Have you ever been treated for alcoholism
2    or drug addiction?
3            THE DEFENDANT:  No.
4            THE COURT:  Have you had any alcohol or any narcotic
5    substance in the last 48 hours?
6            THE DEFENDANT:  No.
7            THE COURT:  Are you feeling all right today?
8            THE DEFENDANT:  That's correct.  I feel fine.
9            THE COURT:  You indicated that you received a copy of
10   the information and that you have read it and waive its public
11   reading.  Do you understand what the information says that you
12   did?
13           THE DEFENDANT:  That's correct, your Honor.
14           THE COURT:  Have you had time to talk to your attorney
15   about the charges and about how you wish to plead?
16           THE DEFENDANT:  That's correct, your Honor.
17           THE COURT:  Are you satisfied with your attorney?
18           THE DEFENDANT:  Yes, that's correct.
19           THE COURT:  Are you ready to plead at this time?
20           THE DEFENDANT:  Yes, your Honor.
21           THE COURT:  What is your plea to Count One of the
22   information, guilty or not guilty?
23           THE DEFENDANT:  Guilty, your Honor.
24           THE COURT:  I need to determine whether your plea of
25   guilty is voluntary and whether you fully understand the

1    charges against you and the possible consequences of your plea.
2    So I am going to ask you some additional questions.
3            I remind you that the charge against you is
4    importation of cocaine.  The law provides as a penalty a term
5    of imprisonment of up to 20 years, a term of supervised release
6    with a mandatory minimum of three years and a maximum of life,
7    a maximum fine, which is the greatest of $1 million or twice
8    any gain derived from the offense, and a mandatory $100 special
9    assessment.
10           Do you understand those penalties?
11           THE DEFENDANT:  I understand, your Honor.
12           MR. LEADER:  Your Honor, I apologize for the
13   interruption.  Just a point of clarification for the my client.
14   I believe the Court said that the crime with which he is
15   charged is the importation of cocaine into the United States.
16   I believe it's conspiracy to import cocaine into the United
17   States.
18           THE COURT:  Correct.  Thank you.
19           Do you also understand that as part of any sentence
20   you would be required to make restitution to any victims of the
21   crime?
22           THE DEFENDANT:  That's correct, your Honor.
23           THE COURT:  Do you understand that you are admitting
24   the forfeiture allegation in the information, which means that
25   you would be required to turn over to the government any money

1   or property obtained as a result of the crime or used to
2   facilitate the crime?
3           THE DEFENDANT:  I understand, sir.
4           THE COURT:  Do you understand that if you are
5   sentenced to prison and released on supervised release, and you
6   violate the terms of supervised release, you would be returned
7   to prison without credit for the time spent on supervised
8   release?
9           THE DEFENDANT:  That's correct.
10          THE COURT:  Do you understand that if you are not a
11  United States citizen, you would be subject to deportation on
12  the basis of your conviction?
13          THE DEFENDANT:  That's correct.
14          THE COURT:  Do you understand that you have the right
15  to plead not guilty and the right to a jury trial on these
16  charges?
17          THE DEFENDANT:  Yes, I understand.
18          THE COURT:  Do you understand that if you plead not
19  guilty and go to trial, the burden would be on the government
20  to prove your guilt beyond a reasonable doubt?
21          THE DEFENDANT:  That's correct.
22          THE COURT:  Do you understand that at a trial, you
23  would be presumed innocent until the government proves your
24  guilt?
25          THE DEFENDANT:  I understand, your Honor.

1      THE COURT:  Do you understand that you have the right
2 to be represented by an attorney at trial and at all other
3 stages of the proceedings, and if necessary, an attorney would
4 be appointed for you?
5      THE DEFENDANT:  I understand, sir.
6      THE COURT:  Do you understand that at a trial, you
7 would have the right to confront and question any witnesses who
8 testify against you, and the right not to be forced to testify
9 against yourself?
10      THE DEFENDANT:  I understand, your Honor.
11      THE COURT:  Do you understand that at a trial, you
12 would be entitled to testify in your own behalf, present
13 evidence, to call witnesses to testify, and to subpoena those
14 witnesses if necessary?
15      THE DEFENDANT:  I understand, your Honor.
16      THE COURT:  Do you understand that if you plead
17 guilty, there will be no trial of any kind, and the trial
18 related rights that I have just described will no longer apply,
19 and the only remaining step would be for the court to sentence
20 you?
21      THE DEFENDANT:  I understand, sir.
22      THE COURT:  Do you understand the nature of the charge
23 to which you are pleading?
24      THE DEFENDANT:  That's correct.  I understand, sir.
25      THE COURT:  Do you understand the range of penalties

1    including the maximum sentence which you could receive on the
2    basis of your plea?
3              THE DEFENDANT:  That's correct, sir.
4              THE COURT:  Have you and your attorney talked about
5    how the sentencing commission guidelines might apply to your
6    case?
7              THE DEFENDANT:  Yes, we have spoken.
8              THE COURT:  Do you understand that the court will not
9    be able to determine the guidelines for your case until a
10   presentence report has been prepared and you and the government
11   have had the opportunity to challenge any facts reported there?
12             THE DEFENDANT:  I understand, sir.
13             THE COURT:  Do you understand that after it's been
14   determined what guidelines apply to a case, the court has the
15   authority in some circumstances to impose a sentence that is
16   either more severe or less severe than that called for by the
17   guidelines?
18             THE DEFENDANT:  I understand, sir.
19             THE COURT:  Do you understand that in determining the
20   sentence the court will consider, in addition to the guidelines
21   and possible departures from those guidelines, all of the
22   factors set forth in the statute, that is, 18 United States
23   Code, Section 3553(a)?
24             THE DEFENDANT:  I understand, sir.
25             THE COURT:  Do you also understand that under some

1    circumstances you or the government may have the right to
2    appeal the sentence?
3             THE DEFENDANT:  I understand, sir.
4             THE COURT:  Do you understand that there is no parole,
5    and that if are you sentenced to prison you will not be
6    released on parole?
7             THE DEFENDANT:  I understand.
8             THE COURT:  Do you understand that the answers you
9    give to me today under oath may in the future be used against
10   you in a prosecution for perjury or false statement if you do
11   not tell the truth?
12            THE DEFENDANT:  I understand, sir.
13            THE COURT:  Do you still wish to plead guilty?
14            THE DEFENDANT:  Yes, your Honor.
15            THE COURT:  Have any threats been made to you by
16   anyone to influence you to plead guilty?
17            THE DEFENDANT:  No, your Honor.
18            THE COURT:  Have any promises been made concerning the
19   sentence you would receive?
20            THE DEFENDANT:  No, your Honor.
21            THE COURT:  Now, I have before me a plea agreement
22   dated June the 1st, 2017.
23            Have you had that agreement translated for you, do you
24   understand it, and did you sign it?
25            THE DEFENDANT:  That's correct, your Honor.

1           THE COURT:  Now, that plea agreement contains a
2    sentencing guideline calculation.
3           Do you understand that if you are sentenced within or
4    below the guideline range indicated, that you are agreeing not
5    to appeal or otherwise challenge your sentence?
6           THE DEFENDANT:  That's correct, your Honor.
7           THE COURT:  Do you also understand that you're
8    agreeing not to appeal or challenge your conviction on the
9    grounds that the government has failed to produce discovery
10   material or information that might tend to prove your
11   innocence?
12          THE DEFENDANT:  I understand, sir.
13          THE COURT:  Do you understand that you are bound by
14   your guilty plea regardless of the immigration consequences?
15          THE DEFENDANT:  That's correct, sir.
16          THE COURT:  Do you understand that if your plea is
17   vacated for any reason, you're agreeing not to challenge any
18   future prosecution on the ground that it is time barred?
19          THE INTERPRETER:  The interpreter would like to
20   request that the last question be repeated, please.
21          THE COURT:  Sure.
22          Do you understand that if your plea is vacated for any
23   reason, you are agreeing not to challenge any future
24   prosecution on the ground that it is time barred?
25          THE DEFENDANT:  I understand.

| | |
|---|---|
| 1 | THE COURT:  Apart from what is contained in this plea |
| 2 | agreement, has anyone promised you anything whatsoever in |
| 3 | connection with your plea? |
| 4 | THE DEFENDANT:  No, your Honor. |
| 5 | THE COURT:  Does the government wish to set forth on |
| 6 | the record the elements it would prove at trial? |
| 7 | MR. BOVE:  Yes, your Honor.  Thank you. |
| 8 | The government would be required to establish that |
| 9 | there was an agreement between two or more people to violate |
| 10 | the narcotics laws of the United States; and here, most |
| 11 | pertinently, that there was an agreement to distribute cocaine |
| 12 | knowing and intending that it would be imported into the United |
| 13 | States.  That would be the first element.  And the second would |
| 14 | be that the defendant knowingly and intentionally joined that |
| 15 | agreement. |
| 16 | THE COURT:  Thank you. |
| 17 | Mr. Zavala, do you understand that if you were to go |
| 18 | to trial, the government would have to prove those elements |
| 19 | beyond a reasonable doubt? |
| 20 | THE DEFENDANT:  That's correct, your Honor. |
| 21 | THE COURT:  Is your plea voluntarily and made of your |
| 22 | own free will? |
| 23 | THE DEFENDANT:  That's correct, your Honor. |
| 24 | THE COURT:  Did you commit the offense charged? |
| 25 | THE DEFENDANT:  Conspiracy, yes, your Honor. |

|     |                                                                          |
| --- | ------------------------------------------------------------------------ |
| 1   | THE COURT:  Tell me what you did.                                        |
| 2   | MR. LEADER:  With the Court's permission, we prepared                    |
| 3   | a written allocution which my client would like to read to the           |
| 4   | Court.                                                                   |
| 5   | THE COURT:  Yes, please.                                                 |
| 6   | MR. LEADER:  Thank you very much.                                        |
| 7   | THE DEFENDANT:  Your Honor, specifically, sometime in                    |
| 8   | 2011 I was a police officer in Honduras, and I was contacted by          |
| 9   | so many people to assist them in transporting --                         |
| 10  | THE INTERPRETER:  The interpreter would like to seek                     |
| 11  | clarification as to what specifically was transported.                   |
| 12  | THE DEFENDANT:  To transport illegal substances                          |
| 13  | throughout the territory.                                                |
| 14  | According to my understanding, according to what the                     |
| 15  | people told me, the quantity could be up to 400 or 500                   |
| 16  | kilograms of cocaine.  And those people had mentioned that part          |
| 17  | of that load or all of it could be imported to the United                |
| 18  | States.                                                                  |
| 19  | THE INTERPRETER:  The interpreter would like to                          |
| 20  | correct himself.  The interpreter mentioned cocaine right after          |
| 21  | the quantity, but the interpreter is not sure that cocaine was           |
| 22  | actually said.  I believe that illegal substance was mentioned           |
| 23  | instead of cocaine.                                                      |
| 24  | Would your Honor like to ask that specifically or                        |
| 25  | should the interpreter seek clarification regarding that                 |

H6F8VELP

1  specific point?
2          THE COURT: I will do that at the end.
3          THE DEFENDANT: When talking to those people, that's
4  what I understood, that's what I heard from these people
5  regarding the destination of the substance.
6          Even though there was an agreement, the operation was
7  never -- although I agreed with them, the operation never took
8  place, and I did not receive any financial benefit from it.
9          However, I did agree and I accept that I conspired
10 with them by agreeing to help these people, although it never
11 happened.
12         That's all.
13         THE COURT: All right. When you referred to illegal
14 substances, were you referring to cocaine?
15         THE DEFENDANT: Yes, that's what they said.
16         THE COURT: At the time you were engaged in that
17 conduct, did you know what you were doing was wrong?
18         THE DEFENDANT: Yes, I knew that it was illegal.
19         THE COURT: Does the government have any other
20 questions it wish to be asked?
21         MR. BOVE: Yes, your Honor, two. And these both
22 pertain to the stipulated guidelines calculation in the plea
23 agreement.
24         The first question I would request is whether the
25 offense involved more than 450 kilos of cocaine. I believe

1     right now the record is between 400 and 500.
2                The second question is whether the defendant's offense
3     and relevant conduct involved the payment of a bribe or the
4     attempt to pay a bribe.
5                THE COURT:  When you and the others were conspiring to
6     import the cocaine, did that conspiracy involve more than 450
7     kilos of cocaine?
8                THE DEFENDANT:  Yes.
9                THE COURT:  Was there also involved either the bribery
10    or an attempted bribery of -- an official?
11               MR. BOVE:  A law enforcement official.
12               THE COURT:  -- a law enforcement official?
13               THE DEFENDANT:  Yes, an attempted bribe.
14               THE COURT:  Anything further?
15               MR. BOVE:  No, your Honor.  Thank you.
16               I would just note for the record that venue here is
17    appropriate, based on 18 U.S.C. 3238, because the defendant was
18    first brought to the district.
19               THE COURT:  Very well.
20               Mr. Bove, do you know of any reason why the defendant
21    should not plead guilty?
22               MR. BOVE:  No, your Honor.
23               THE COURT:  Mr. Leader, do you know of any such
24    reason?
25               MR. LEADER:  No, your Honor.

1     THE COURT:  I am satisfied that the defendant
2  understands the nature of the charge against him and the
3  consequences of a plea of guilty.  I am also satisfied that the
4  plea is voluntary and knowing and that there is a factual basis
5  for it.  I will therefore recommend that Judge Schofield accept
6  the defendant's plea of guilty to Count One of the information.
7     Do we have a sentencing date?
8     MR. BOVE:  No, your Honor.  I will contact chambers
9  this afternoon.
10    THE COURT:  I will set September 15, 2017 as a control
11 date and a presentence report will be prepared.
12    Can the government provide the case statement to
13 probation within the next two days?
14    MR. BOVE:  Yes, your Honor.
15    THE COURT:  Mr. Leader, would you be available for
16 your client's interview within that time?
17    MR. LEADER:  Yes, your Honor.
18    THE COURT:  Any requests with respect to conditions of
19 detention or release?  If not, current conditions will
20 continue.
21    Thank you all.
22    (Adjourned)
23
24
25