UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                  :
                               Plaintiff,        :
                                                               :
            -against-                       :        15 Crim. 174-05 (LGS)
                                                               :
CARLOS JOSE ZAVALA-VELASQUEZ,              :        **ORDER**
                               Defendant.       :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS familiarity with the background of this case is assumed, including Defendant Zavala-Velasquez's significant participation, as a member of the Honduran National Police, in a major drug-trafficking organization.

      WHEREAS Defendant surrendered to authorities in June 2016, and pled guilty to a superseding information on June 15, 2017.

      WHEREAS, at Defendant's sentencing on June 26, 2018, the Court adopted the United States Sentencing Guidelines Range (the "Guidelines Range") as calculated in the Final Presentence Investigation Report, and found that Defendant was responsible for participating in a conspiracy to import over 450 kilograms of cocaine. The Court calculated the applicable Guidelines range as 210 to 240 months' imprisonment, based on an offense level of 37 and a Criminal History Category of I. After a lengthy review of the seriousness of Defendant's crime, his history and characteristics, including the health issues identified in the current Motion, the Court sentenced Defendant to a 144-month term of imprisonment. Defendant is currently incarcerated at the low-security complex at FCC Beaumont ("Beaumont Low") in Beaumont, Texas.[1]

---

[1] According to sentence monitoring computation data, dated May 21, 2020, and submitted by Defendant with his Motion, he is projected to be released on October 1, 2026.

WHEREAS, on June 8, 2020, Defendant filed a pro se motion (the "Motion") for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on extraordinary and compelling reasons related to the Coronavirus ("COVID-19") pandemic.  In addition to a memorandum of law, the Motion appends a letter from Terrance M. Brown, Defendant's fellow inmate at Beaumont Low, seeking a recommendation from Beaumont's warden for the reduction in sentences for all inmates near 50 years of age with pre-existing medical conditions, who are serving sentences for non-violent crimes; a declaration from Garod Garrison, the Case Management Coordinator at Beaumont Low; an affidavit from Brie Williams, M.D., regarding the health risks faced by inmates in light of the COVID-19 pandemic; a letter, dated April 21, 2020, from Defendant to Beaumont's warden, seeking emergency release due to COVID-19 for related reasons as those presented in the Motion; Bureau of Prisons ("BOP") documents related to Defendant's individualized reentry plan; and evidence of Defendant's treatment for high blood pressure.  In the Motion, Defendant seeks a reduction of his sentence to time served and deportation to his home country of Honduras.

WHEREAS, on June 23, 2020, the Government filed an opposition, and appended Defendant's BOP medical records and an affidavit from Beaumont's warden.  It is hereby

**ORDERED** that the Motion is **DENIED**.  Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, a court "may not modify a term of imprisonment once it has been imposed except" as provided by statute.  18 U.S.C. § 3582(c)(1)(A); *accord United States v. Perez*, No. 17 CR. 513, 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020).  As relevant here:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or

>without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
>
>18 U.S.C. § 3582(c)(1)(A)(i); *accord Perez*, 2020 WL 1546422, at *2.

The relevant policy statement provides that a reduction of sentence is permitted if "[e]xtraordinary and compelling reasons warrant the reduction," U.S.S.G. § 1B1.13(1)(A); "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3241(g)," *id*. § 1B1.13(2); and "[t]he reduction is consistent with this policy statement," *id*. § 1B1.13(3); *accord United States v. Campagna*, No. 16 Cr. 78-01, 2020 WL 1489829, at *2 (S.D.N.Y. Mar. 27, 2020). The Application Notes of U.S.S.G. § 1B1.13(3) set forth the circumstances that constitute extraordinary and compelling reasons. *See* U.S.S.G. § 1B1.13(3); *accord United States v. Ebbers*, 432 F. Supp. 3d 421, 427-28 (S.D.N.Y. 2020). Defendant bears the burden of proving that extraordinary and compelling reasons exist to justify his request for a sentence reduction. *Perez*, 2020 WL 1546422, at *2. Because Defendant appears pro se, the Court has liberally interpreted his submissions "to raise the strongest arguments that they suggest." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018). Construed broadly, Defendant argues that his age and underlying health conditions put him at a high risk for severe illness from COVID-19 and, relatedly, that the conditions at Beaumont Low put him at a higher risk of COVID-19 infection. These arguments are unpersuasive.[2]

---

[2] Because Defendant filed his Motion on June 8, 2020, the Government does not argue that he failed to exhaust his administrative remedies, as the thirty-day requirement under 18 U.S.C. § 3582(c)(1)(A) has elapsed.

With respect to age, while Defendant may be at a comparatively higher risk -- as a 48-year-old man -- than someone in their early 40s, he does not meet the 65-year-old threshold set by the Centers for Disease Control and Prevention (the "CDC") regarding risk for severe illness from COVID-19 based on age.  *See People at Increased Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited July 6, 2020); *United States v. Kerrigan*, No. 16 Cr. 576, 2020 WL 2488269, at *3 (S.D.N.Y. May 14, 2020) (noting that a 43-year-old defendant was "significantly younger" than the 65-year-old CDC threshold).  Further, age alone is insufficient to establish extraordinary and compelling reasons justifying a sentence reduction.  *United States v. Haney*, No. 19 Cr. 541, 2020 WL 1821988, at *5 (S.D.N.Y. Apr. 13, 2020) (concluding the same where defendant was 61-years-old); *United States v. Sattar*, No. 02 Cr. 395, 2020 WL 3264163, at *2 (S.D.N.Y. June 17, 2020) (concluding the same where defendant was 60-years-old).

Defendant identifies ordinary hypertension and post-traumatic stress disorder as underlying medical conditions justifying a sentence reduction.  While the Court is sympathetic to these conditions, they are not listed by the CDC as putting individuals at risk of severe illness from COVID-19, as compared to conditions such as chronic kidney disease and serious heart conditions.  *See People at Increased Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 6, 2020).  While the CDC lists ordinary hypertension (as opposed to pulmonary hypertension) as a condition that *might* increase the risk of severe illness from COVID-19, absent evidence of more serious underlying medical conditions, Defendant's medical conditions are not severe enough to justify a sentence reduction.  *Cf. United States v. Park*, No. 16 Cr. 473, 2020 WL 1970603, at *1 (S.D.N.Y. Apr. 24, 2020) (granting

release to a 44-year-old defendant with a documented history of respiratory issues, including severe asthma, and immune-compromising diseases); *United States v. Smith*, No. 12 Cr. 133, 2020 WL 1849748, at *1 (S.D.N.Y. Apr. 13, 2020) (granting release to a 62-year old defendant who suffered from asthma, high cholesterol, blood clots, a thyroid condition and suspected bone marrow cancer); *see also Graham v. Decker*, No. 20 Civ. 2423, 2020 WL 1847568, at *4 (S.D.N.Y. Apr. 13, 2020) (noting that the CDC does not list post-traumatic stress disorder, one of defendant's ailments, as presenting a heightened risk for COVID-19 complications).

Defendant's medical records, submitted under seal with the Government's opposition, reveal that he has had consistent access to medical care since at least 2019, and that, in August 2019, was prescribed a years' worth of medication for his hypertension. Defendant's Motion does not dispute these facts. As such, Defendant has not submitted evidence to establish that his medical condition provides an extraordinary or compelling reason for a sentence reduction. *See United States v. Staltare*, No. 13 Cr. 693, 2020 WL 2766124, at *1-2 (S.D.N.Y. May 28, 2020) (concluding the same where defendant suffered from a series of medical conditions, including ordinary hypertension, and received medication to treat his diabetes and high blood pressure); *Sattar*, 2020 WL 3264163, at *2-3 (concluding the same where 60-year-old defendant suffered from ordinary hypertension, as well as thyroid disease and atrial fibrillation, and received care for his high blood pressure).

While the Motion describes conditions of confinement at Beaumont Low -- in particular, the proximity with which inmates are housed -- and alleges that four staff members have tested position for COVID-19, Defendant has not provided evidence that any inmate in Beaumont Low has tested positive for COVID-19. In contrast, the Government has submitted a signed affidavit from Beaumont's warden stating that the prison complex maintains social distancing protocols in

5

common areas such as the recreation yard; inmates are required to wear masks (which are routinely washed) and maintain six feet of distance from others when outside living areas; and inmates are required to comply with mandatory, periodic temperature readings and to report any COVID-19 symptoms to staff members immediately.  According to the Government, as of its June 23, 2020, opposition, Beaumont Low has had only one positive test among the inmate community (including in the medium and high security facilities), and only one active case among Beaumont Low staff.  The conditions of confinement, as alleged in the Motion, therefore do not establish extraordinary and compelling reasons justifying a sentence reduction.  *See Staltare*, 2020 WL 2766124, at *1 (concluding the same, in part, where defendant did not allege that personnel at the facility where he was incarcerated were not taking steps to protect him from COVID-19); *Sattar*, 2020 WL 3264163, at *4 (concluding the same in light of insufficient evidence and defendant's speculation that his facility was "particularly ill-suited to containing a COVID-19 outbreak or that it [was] a particularly vulnerable institution").

Finally, the Motion does not establish that Defendant is no longer "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2); *accord Sattar*, 2020 WL 3264163, at *5.  Section 18 U.S.C. § 3142(g) requires the Court to consider "the nature and circumstances of the offense charged," "the weight of the evidence against [Defendant]," Defendant's "history and characteristics" and "the nature and seriousness of the danger to any person or the community that would be posed by . . . [Defendant's] release."  18 U.S.C. § 3142(g).  Defendant argues that these factors -- which are substantially similar to the sentencing factors under 18 U.S.C. § 3553(a) -- weigh in his favor because he is serving his sentence for a non-violent drug offense, for which he accepts responsibility; he has not received any disciplinary infractions in his four years in prison, despite

6

being confined in a violent environment; he has completed numerous programs offered by the BOP aimed at reducing recidivism and maximizing success at re-entry into society; and the sentence imposed by the Court is greater than necessary to achieve the stated goals of sentencing.

These arguments are not persuasive.  In imposing sentence -- which was well below the applicable Guidelines range -- the Court took into consideration the fact that Defendant knowingly conspired to distribute over 450 kilograms of cocaine, "which is a large and serious amount."  The Court emphasized this "extremely serious violation of the law . . . [as well as] a very serious violation of [Defendant's] . . . duties as a senior law enforcement officer," and that Defendant "abused [the public] trust" as a result of these actions.  While Defendant's efforts as described above are worthy of recognition, they do not establish that he is no longer a danger to the safety of any other person or his community.  *See United States v. Ortega*, No. 02 Cr. 348, 2020 WL 3402914, at *3 (S.D.N.Y. June 19, 2020) (concluding the same where defendant "played a significant role in a narcotics conspiracy that imported hundreds of kilograms of cocaine into the United States" and had served approximately fifteen years of his sentence); *United States v. Batista*, No. 19 Cr. 2, 2020 WL 3249233, at *3 (S.D.N.Y. June 16, 2020) (concluding the same where defendant had served approximately a year and a half of his sentence for his role in a conspiracy to distribute heroin).

For the foregoing reasons, the Motion is **DENIED**.  The Government is directed to email if possible and mail a copy of this order to Defendant and file proof of service by **July 8, 2020**.

The Clerk of Court is respectfully directed to close the open motion at Docket No. 443.

Dated: July 6, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE