UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                                             :
UNITED STATES OF AMERICA,                   :
                                 Plaintiff,    :
                                                             :    15 Crim. 174-05 (LGS)
               -against-                         :
                                                              :    **ORDER**
CARLOS JOSE ZAVALA-VELASQUEZ,  :
                                 Defendant.  :
                                                              :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, familiarity with the background of this case is assumed, including Defendant Zavala-Velasquez's significant participation, as a member of the Honduran National Police, in a major drug-trafficking organization.

WHEREAS, the July 6, 2020, Order (the "Denial Order") denied Defendant's pro se motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 450).

WHEREAS, on July 22, 2020, Defendant filed a pro se motion for reconsideration (Dkt. No. 454), which the Government opposed (Dkt. No. 456).

WHEREAS, Rule 49.1(d) of the Local Rules permits motions for reconsideration accompanied by a memorandum "setting forth concisely the matters or controlling decisions which [the movant] believes the Court has overlooked." "A motion for reconsideration should be granted only when [a party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted); *accord Impax Labs., Inc. v. Turing Pharm. AG*, No. 16 Civ. 3241, 2018 WL 4007641, at *3 (S.D.N.Y. Aug. 21, 2018). A motion for reconsideration is

"not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *accord In re Effecten-Spiegel AG*, No. 18 Misc. 93, 2018 WL 3812444, at *3 (S.D.N.Y. Aug. 10, 2018). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (internal quotation marks omitted); *see also United States v. Blumenberg*, 506 F. App'x 53, 54 (2d Cir. 2012) (summary order) (applying the *Shrader* standard in a criminal case).

WHEREAS, Defendant correctly notes that the low-security facility where he is incarcerated, Beaumont Low FCI ("Beaumont Low"), experienced a COVID-19 outbreak after issuance of the Denial Order. This outbreak abated, and the Bureau of Prisons currently reports only three cases at Beaumont Low, two inmates and one staff member. *See* Bureau of Prisons, COVID-19, https://www.bop.gov/coronavirus/ (last visited September 8, 2020). Further, as discussed in the Denial Order, Defendant has regular access to medical care, and Beaumont Low has implemented mask, social distancing and temperature-taking protocols while requiring inmates to report immediately any COVID-19 symptoms. The evidence does not establish that conditions there provide an "extraordinary and compelling reason[]" for a sentence reduction. U.S.S.G. § 1B1.13(1)(A). That conclusion is bolstered by the fact that, as in the original motion for sentence reduction, the evidence does not establish that Defendant is no longer "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

WHEREAS, the motion to reconsider does not otherwise identify any controlling decision or evidence that has been overlooked.  First, Defendant argues that he has "chronic," rather than "ordinary," hypertension.  But, as explained in the Denial Order, Defendant's medical records show that his hypertension, although long-lasting (i.e., chronic), has been consistently treated -- and thus it does not contribute to a finding of extraordinary and compelling circumstances justifying early release.  Second, Defendant argues that the Court disregarded Amendment 799 to the Sentencing Guidelines, which expanded the definition of "extraordinary and compelling" circumstances justifying a sentence reduction under the Application Notes of U.S.S.G. § 1B1.13.  The Denial Order considered and discussed § 1B1.13's full scope, construing Defendant's pro se submissions to raise the strongest arguments possible.  Finally, Defendant notes that "there is much that is still unknown about the long-term effects of COVID-19" and that "recent cases demonstrat[e] that long-term catastrophic health consequences result in large number[s] of cases."  As the Denial Order noted, Defendant has regular access to medical care, and none of his medical conditions -- including asthma and lingering effects of a stroke he raises for the first time in the motion for reconsideration -- are listed by the Centers for Disease Control and Prevention as putting individuals at significant risk of severe illness from COVID-19.  *See People at Increased Risk for Severe Illness*, Ctrs. For Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 8, 2020).  Accordingly, it is hereby

**ORDERED** that for the foregoing reasons, the motion for reconsideration is **DENIED**, including the request for consideration of the reply to the Government's opposition to the original motion for sentence reduction, as the Court did not grant leave to file a reply (Dkt. No.

444) and no reply is included on the Docket.  Defendant's pending motion under 28 U.S.C. § 2255 (Dkt. No. 442) will be considered separately.

The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant Zavala-Velasquez.

Dated:  September 8, 2020
         New York, New York

                                                                     _____
                                                                     **LORNA G. SCHOFIELD**
                                                                     **UNITED STATES DISTRICT JUDGE**